HoustoN, Special J.,
delivered tbe opinion of tbe court.
This is a proceeding instituted by distress warrant, issued by tbe clerk of tbe county court' of Wilson county, against tbe goods of tbe plaintiff in error, for *354 a violation of the revenue laws, by selling goods in Lebanon as a pedlar without a license. The case was taken to the circuit court by certiorari, where the judgment complained of was rendered in favor of the State. No objection is taken to the manner in which the proceeding was instituted, and the case conies before us upon an agreed statement of the facts, as follows:
“ The defendant, at the time stated in the writ, did sell articles of ready made clothing, made out of broadcloth, &c., on the public square in Lebanon, without any license, which he brought from Nashville, in a carryall. But said clothing was all made by mechanics in Nashville in the house of Brockway, for whom defendant was acting under wages. The cloth of which the articles of clothing were made, was not manufactured . in this State.”
We think it clear, from this statement of the facts, that the plaintiff in error was engaged in the business of pedling. By the term pedlar, we understand one who travels about the country on foot or in some kind of vehicle or in any other manner, and sells goods or small commodities "by retail.
But the facts agreed, present the question, whether or not a merchant, who has imported into this State cloth manufactured in another State or foreign country, has paid the regular merchants’ tax upon it and made it into clothing, can then sell the clothing in any county in the State, as a pedlar, without a license?
The constitution of the State, Art. II, § 30, provides that, “no article manufactured of the produce of this State shall be taxed otherwise than to pay inspection fees.” This provision is plain and admits of no argument to make it plainer; and, if the articles sold by *355 the plaintiff in error had been manufactured “of the produce of this State,” a different and a much more difficult question would have been presented. But the cloth or materials of which the clothing sold, was made, was not manufactured in this State, nor was it “ of the produce” thereof. This case, then, does not, in any respect, come within the provision of the constitution, as above quoted, and the legislature has full power to lay a tax upon such articles or upon the sale of such articles, at their discretion: moreover, the legislature has express power under the constitution, (Art. II, § 28,) to tax pedlars in such manner as they may from time to time direct. And this power has been exercised by the legislature.
By § 4 of the act of 1835, ch. 13, it is provided that “ each and every hawker and pedlar, not exempted by law, whether in clocks or merchandize, shall pay annually a tax of twenty-five dollars on every wagon or vehicle employed in the transportation or conveyance of goods, wares and merchandise or clocks, or by him employed in pedling and hawking in each and every county.” And by § 8 of the act of 1848, ch. 161, it is provided that, “ every pedlar shall take from the clerk of the county com’t of every county in which he travels and offers his goods for sale, a yearly license, for which he shall pay twenty dollars, if he travel on foot or on horseback, thirty dollars if he travel in a vehicle, and thirty dollars for each vehicle if he uses more than one.” Here is a clear and explicit exercise of the power of the legislature upon this subject. But it is argued that under the revenue laws of the State, the plaintiff in error was not bound to take a license from the' clerk of the county court of *356 Wilson comity, that the goods which he was selling were of the manufacture of Tennessee, and therefore free of taxation of any kind or in any mode, as well in the hands of the pedlar, as in the hands of the manufacturer or merchant. We have seen that he was not clothed with any constitutional exemption by reason of the character of the articles in which he was dealing. We concede that the legislature has the power to exempt from taxation the exercise of this particular kind of traffic, but the question arises, has this been done by the legislature ?
To answer this question, it is not necessary to examine any statute enacted previous to the act of 1850, ck. 22, as that is the act which controls this case. Hie 4th section of this act repeals the 6th section of the act of 1848, ch. 161, and enacts “ that articles of the growth and manufacture of this State, and cotton and tobacco, in bales and hogsheads, are hereby exempt from taxation,” &c. Now this provision is substantially the same as the provision in constitution to which we have referred, and means what its terms clearly import, that the articles to be exempt from taxation must be both the growth and the manufacture of this State; in other words, “ the manufacture of the produce of this State.” But the -goods sold by the plaintiff in error, not being of this character, are not embraced by the act of 1850.
But even if we were to construe the act of 1850 to mean the growth or manufacture of this State, still the plaintiff was bound to procure a license from the clerk of the county court of Wilson county, because he was embraced by the terms of the acts of 1835 and 1848, and no exemption in his favor, by reason of the character of his goods, is contained in any act of assembly *357 upon this subject; and upon grounds of sound public policy this ought to be so. It was intended by the framers of the constitution and by the legislature, that taxation upon pedling should be a source of revenue to the State, and if the merchant be permitted to mate up his goods into articles of clothing, and retail them in any county in the State without a license as a pedlar, this source of revenue would be entirely broken up and destroyed; and it was never intended by the legislature, that when the merchant quits his legitimate business of merchandizing and assumes the character of pedlar, by traversing the State and retailing his goods from his wag-gons or carryalls, through each county, on the road side, at private dwellings and in the country villages, that he should not be taxed as a pedlar.
We think a merchant may sell articles of the growth and manufacture of this State, free of taxation. lie, may also make up his cloth imported from another State into clothing, and sell as a merchant in its improved state, free of any additional tax; but he cannot do so as a pedlar without -a license, according to law, as in other cases. We give no opinion as to the question whether a merchant or manufacturer may lawfully sell, as a pedlar, articles manufactured of the produce of this State, without license. That' question is not directly raised in this record, and we only decide the questions properly before us.
We see no error in the judgment of the court below, and order that it be affirmed.